**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICTOR CORNELL MILLER,

　　　　Plaintiff-Appellant,

v.

WADE SCOTT, O.S.P. Chaplain;
ROBERT COMPTON, O.S.P. Food
Service Superintendent; D. D. JOHNS,
O.S.P. Food Service Supervisor; TERRY
CRENSHAW, O.S.P. Warden
Assistant-Designee; CHAD BROWN,
O.S.P. Case Manager III; WILLIAM
TAYLOR, Unit Manager, O.S.P.;
RANDALL WORKMAN, Oklahoma
State Penitentiary Warden; ROBERT
PATTON,[*] Oklahoma Department of
Corrections, Director; KERRY
MINYARD, ODOC Administrator
Program Officer; CHESTER MASON,
OSP Health Services Administrator;
BEATRICE GLOVER, OSP Security
Officer; JACQUELYN BARNETT,
OSP Security Officer; KEITH
SHERWOOD, OSP Case Manager;
JIM HOBBS, OSP Security Officer;
CLEVELAND SWEET, OSP Security
Officer; ANTHONY ROBERTS, OSP
Security Officer,

　　　　Defendants-Appellees.

No. 14-7016
(D.C. No. 6:11-CV-00352-RAW-SPS)
(E.D. Okla.)

---

[*]　　　In accordance with Fed. R. App. P. 43(c)(2), Robert Patton is substituted for
Justin Jones as a defendant-appellee in this action.

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Victor Miller, an inmate in the Oklahoma Department of Corrections, filed a lawsuit claiming that prison officials violated his constitutional rights in a variety of ways. The district court dismissed four of the five counts in Mr. Miller's complaint because he failed to exhaust his ODOC administrative remedies. It granted summary judgment on the remaining count, holding that it was frivolous and should count as a "strike" under 28 U.S.C. § 1915. It is these rulings Mr. Miller now appeals.

We have carefully reviewed the record and agree with the district court that Mr. Miller failed to exhaust his administrative remedies as to Counts I through IV of his amended complaint. Mr. Miller did begin the grievance process for some of his claims, but ODOC presented undisputed evidence that he did not complete the final step — an appeal to ODOC's Administrative Reviewing Authority (ARA). Appeals must be mailed to the ARA through the U.S. Postal Service. ODOC presented a detailed log of every piece of outgoing legal mail from July 29 through December 5,

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2011, the relevant time period. The log shows no record of Mr. Miller submitting any letter to the ARA during that time. ODOC also submitted an affidavit from ODOC officer Kerry Minyard indicating that she had searched the grievance records maintained in the Administrative Review unit and that office had no record of Mr. Miller submitting an appeal to the ARA. "At summary judgment, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170, 1179 (10th Cir. 2007) (internal quotation marks omitted). Given Mr. Miller's failure to respond to or rebut the Minyard affidavit or the evidence of the outgoing legal mail log, we agree with the district court that ODOC met its burden to show Mr. Miller did not exhaust his administrative remedies with respect to his first four claims.

In his remaining claim, Count V, Mr. Miller alleges that ODOC violated his constitutional rights when the prison chaplain denied his requests for a Halal or a Kosher diet. Mr. Miller doesn't allege a statutory violation under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). But even if he had, the outcome would be the same. It is undisputed that ODOC policy currently permits prisoners access to Halal or Kosher diets if the prison chaplain agrees that one or the other is warranted to satisfy the inmate's sincerely held religious beliefs. And, according to Mr. Miller's own complaint, the chaplain ultimately denied his request only after concluding that Mr. Miller's voluntary food

- 3 -

purchases at the prison canteen belied his claim of a sincere religious scruple about his diet. The district court granted summary judgment to the prison and deemed this portion of Mr. Miller's complaint frivolous under § 1915 because, among other things, Mr. Miller failed to present any evidence tending to rebut the chaplain's assessment or tending to show that ODOC burdened his sincerely held religious beliefs. We can find no fault with this disposition, for all the competent evidence in this record indeed runs but one way. *See Yellowbear v. Lampert*, 741 F.3d 48, 54 (10th Cir. 2014) ("When inquiring into a claimant's sincerity . . . [a court may] ask[] whether the claimant . . . actually holds the beliefs he claims to hold."); *United States v. Quaintance*, 608 F.3d 717, 721-22 (10th Cir. 2010) (same).

Mr. Miller argues that the district court abused its discretion by ruling on ODOC's motion for summary judgment on Count V while various motions were pending before the magistrate judge and without giving him notice when his response to the motion might be due. But the court did give a response due date — fourteen days after ODOC's motion was filed — and waited nearly eight months before ruling. In these circumstances it is hard to see how Mr. Miller's failure to respond might be overlooked. Neither was Mr. Miller entitled to proceed before a magistrate judge once the district court determined his complaint presented no legal claim that would support relief. A district court is required to dismiss an *in forma pauperis* complaint "at any time" once it determines the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Miller's motion for leave to proceed in this court *in forma pauperis* and his motion for appointment of counsel are denied and the judgment is affirmed. Mr. Miller is directed to pay the balance of the filing fee forthwith.

Entered for the Court


Neil M. Gorsuch
Circuit Judge